**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   KRISTEN NICODEMUS,                          No. C-12-4430 MMC

11              Plaintiff,                        **ORDER GRANTING DEFENDANT BIRD
                                                  BRAIN, INC.'S MOTION TO DISMISS**
12      v.                                        **PORTIONS OF FIRST AMENDED
                                                  COMPLAINT; AFFORDING PLAINTIFF**
13   BIRD BRAIN, INC., et al.,                    **LEAVE TO FILE SECOND AMENDED
                                                  COMPLAINT; VACATING HEARING**
14              Defendants.
                                          /

15

16           Before the Court is defendant Bird Brain, Inc.'s ("Bird Brain") "Motion to Dismiss

17   Portions of Plaintiff's First Amended Complaint for Failure to State a Claim for Punitive

18   Damages and Attorney's Fees," filed November 29, 2012.  Plaintiff Kristen Nicodemus has

19   filed opposition, to which Bird Brain has replied.  Having read and considered the papers

20   filed in support of and in opposition to the motion, the Court deems the matter suitable for

21   decision on the parties' respective written submissions, VACATES the hearing scheduled

22   for January 11, 2013, and rules as follows:

23           1.  To the extent the motion seeks dismissal of plaintiff's claim for attorney's fees,

24   the motion is hereby GRANTED, for the reasons stated by Bird Brain and in light of

25   plaintiff's agreement to withdraw said claim.  (See Pl.'s Opp. at 1:26-28.)

26           2.  To the extent the motion seeks dismissal of plaintiff's claim for punitive damages,

27   for the asserted reason that the First Amended Complaint ("FAC") fails to sufficiently allege

28   facts to support such claim, the motion is hereby GRANTED.  Specifically, in the

1  paragraphs in which the claim for punitive damages is set forth, the facts on which such

2  claim is based are inconsistent with, or at best ambiguous in light of, other factual

3  allegations made in the FAC.  (Compare FAC at 1:28 - 2:2 (alleging plaintiff injured on

4  September 3, 2011), FAC at 6:16-17 (alleging Bird Brain took "no public action" prior to

5  September 3, 2011) and FAC at 6:17-18 (alleging "[h]ad Bird Brain acted expeditiously,

6  [p]laintiff may never have been burned") with FAC at 4:20-21 (alleging Bird Brain

7  "announced voluntary recalls of pourable Fuel Gel" on September 1, 2011).)  In her

8  opposition, plaintiff clarifies, however, that her claim for punitive damages is based on Bird

9  Brain's having "delayed" the recall (see, e.g., Pl.'s Opp. at 11:4-5), and in connection with

10  her opposition has submitted a proposed Second Amended Complaint ("proposed SAC")

11  that includes factual allegations in support thereof (see Andrus Decl. Ex. A at 4:24-25, 6:10-

12  7:16, 9:8-12).[1]  Accordingly, plaintiff's claim for punitive damages will be dismissed, with

13  leave to amend.[2]

14                                                          **CONCLUSION**

15         For the reasons stated above, Bird Brain's motion to dismiss is hereby GRANTED,

16  with leave to amend.  Plaintiff shall file any Second Amended Complaint no later than

17  January 25, 2013.

18         **IT IS SO ORDERED.**

19

20  Dated:  January 4, 2013

21                                                          MAXINE M. CHESNEY
                                                            United States District Judge

22

23         [1]The Court observes that although the proposed SAC seeks to clarify the factual
24  basis for said claim (see id. Ex. A at 8:16-17), said proposed pleading continues to include
    the above-referenced factual inconsistency (compare id. Ex. A. at 1:28 - 2:2 and id. Ex. A
25  at 8:14-16 with id. Ex. A at 5:11-12).

26         [2]In light of the dismissal, the Court finds it unnecessary to determine whether such
    claim should be dismissed on the basis of the FAC's failure to identify by name an officer,
27  director or managing agent who acted on behalf of Bird Brain.  The Court notes, however,
    that plaintiff's proposed SAC does name two executives who are alleged to have acted on
28  behalf of Bird Brain (see id. Ex. A at 3:7-24, 8:28 - 9:5), and, as noted, plaintiff will be
    afforded leave to amend.